IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-00567-FL

| | |
|---|---|
| SAMANTHA GALE JONES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | ORDER |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings (DE 21, 23).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. issued a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed objections to the M&R to which defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on January 12, 2009, and Supplemental Security Income ("SSI") on December 31, 2008, alleging disability beginning August 1, 2008. This application was denied initially, and hearing was held before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled during the

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

relevant time period in a decision dated November 21, 2010. The appeals council denied plaintiff's request for review on June 21, 2012, and plaintiff filed the instant action on August 24, 2012.

**DISCUSSION**

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the

2

record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in gainful employment since August 1, 2008. (R. 30). At step two, the ALJ found that plaintiff had severe impairment of bipolar disorder with psychotic features. (R. 30). He also found that plaintiff had non-severe impairment of headaches. (R. 30-31). However, at step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in the regulations. (R. 31).

Prior to proceeding to step four, the ALJ determined that plaintiff had residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following mental limitations: only simple, routine, repetitive tasks, occasional interaction with coworkers and supervisors, no interaction with the public, and no jobs requiring complex decision-making, constant change, or dealing with crisis situations. (R. 32). In making this assessment, the ALJ found

3

plaintiff's statements about her limitations not fully credible. (R. 34-35). At step four, the ALJ determined plaintiff had no past relevant work. (R. 36). At step five, upon considering plaintiff's age, education, work experience, and RFC, as well as testimony of a vocational expert ("VE"), the ALJ concluded that jobs exist in significant numbers in the national economy that plaintiff could perform. (R. 36-37). Accordingly, the ALJ determined plaintiff had not been under a disability, as defined in the Social Security Act, during the relevant time period. (R. 37).

B. Analysis

Plaintiff raises three objections to the M&R, incorporating in part arguments raised in her brief in support of motion for judgment on the pleadings. Specifically, plaintiff argues that: (1) the ALJ failed to properly weigh the medical opinion evidence; (2) the ALJ failed to properly evaluate plaintiff's credibility; and (3) the ALJ relied upon flawed vocational expert testimony. Upon *de novo* review of plaintiff's objections, the court concludes that plaintiff's objections should be overruled.

  1.  The ALJ's Evaluation of Medical Opinion Evidence

    a.  Treating Source Opinions

Plaintiff contends the ALJ did not properly weigh the medical evidence in assessing plaintiff's RFC. Although the opinion of a treating source generally is entitled to "great weight," the ALJ is not required to give it "controlling weight." Craig v. Charter, 76 F.3d 585, 589-90 (4th Cir. 1996). "[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Id. at 590. If the ALJ determines a treating source opinion should not be given controlling weight, then the ALJ must evaluate and weigh the opinion according to the following non-exclusive list: "(1) whether the

4

physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). The ALJ must state the weight given to a treating source's medical opinion and provide specific reasons for the weight given to those opinions. SSR 96-2p.

Here, plaintiff was treated by Drs. O' Daniel and Briscoe. The ALJ gave limited weight to their opinions and gave specific reasons for that assessment. (R. 35). Specifically, the ALJ accorded limited weight to the treating source opinions because (1) the opinions are not consistent with source treatment notes, (2) the opinions are not consistent with plaintiff's hearing testimony, and (3) one of the opinions relates to physical symptoms for which sources did not treat plaintiff and which are beyond sources' expertise. (R. 35).

The ALJ properly evaluated the treating source opinions pursuant to the regulations, specifically considering consistency "with the record as a whole." 20 C.F.R. § 404.1527(c)(4). The ALJ relied upon treatment notes and plaintiff's hearing testimony in assigning little weight to the treating source opinions. (R. 35). The ALJ thoroughly discussed the treatment notes in his summary of the record. (R. 34). The M&R provides a detailed listing of the specific portions of the record the ALJ referenced in that summary. (M&R 10). The ALJ noted mental status examinations by Dr. O' Daniel revealed plaintiff's thought processes, attention and concentration, mood and affect, and memory functioning were normal, and plaintiff denied suicidal ideation. (R. 34); (see, e.g., R. 413, 417, 419-21, 510). The ALJ also factored the treating sources' specialties into his evaluation of their opinions per the regulations. 20 C.F.R. § 404.1527(c)(5). There is no indication in the record that

5

the treating sources physically examined the plaintiff. Therefore, the ALJ properly could consider this as a factor in discounting the treating source opinions.

The ALJ noted the treating sources' conclusion that plaintiff is generally unable to sustain employment. Specifically, as noted by the ALJ, the treating sources said plaintiff's

> ability to perform the mental demands of work range from mildly to moderately to markedly impaired, that she would be unable to perform the exertional demands of even sedentary work due to pain and fatigue, that she could not perform any work on a full-time basis, and that her mental illness would keep her from maintaining employment for an undetermined period. On one occasion, these treating sources also said that the claimant could perform low stress work but subsequently stated that she could not do even low stress work.

(R. 35) (citations omitted). However, the ALJ discredited these opinions because of their inconsistency with the entire record. Plaintiff contends these opinions are well-supported by treatment records. But, as the M&R thoroughly discusses, plaintiff cited treatment notes that do not support the treating source opinions of extreme limitation for various reasons. Moreover, the ALJ supported his conclusions from many of the same treatment notes cited by plaintiff. In addition, plaintiff testified that she consistently had been taking her medications since September 2009 and that her depression improved with treatment. (R. 33, 58-59).

The ALJ listed the weight assigned to the treating source opinions and gave specific reasons for discounting these opinions. The court's duty is to determine if substantial evidence supports the ALJ's conclusion, not to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [Commissioner]." Craig, 76 F.3d at 589. Substantial evidence in the record supported the decision to assign "little weight" to treating source opinions. Therefore, this objection is overruled.

6

b. Non-examining Source Opinions

Plaintiff contends the ALJ gave improper weight to non-examining source opinions and that such opinions cannot be given more weight than treating source opinions. She cites Smith v. Schweitker, 795 F.2d 343, 348 (4th Cir. 1986), for the proposition that non-examining source opinions "cannot constitute substantial evidence to support a finding of non-disability." However, Smith stands for the narrow "proposition that a non-examining physician's opinion cannot, by itself, serve as substantial evidence supporting a denial of disability benefits when it is contradicted by *all of the other evidence* in the record." 795 F.2d at 345 (quotation omitted).

Here, the ALJ gave "great weight" to three non-examining source opinions. (R. 35-36). One opinion was not pertinent because it preceded plaintiff's onset date. (R. 380-97). Even if the ALJ had not considered that opinion, he properly could have relied upon the opinions of Drs. Noles and Strobel-Nuss. (R. 439-56, 562-79). Those two non-examining source opinions agreed that plaintiff is "mentally capable of performing simple basic work skills and tasks in a low stress low demand work setting." (R. 455, 578).

The non-examining source opinions are supported by substantial evidence in the record, specifically treatment notes. (See M&R 10). The ALJ carefully considered the record and found the opinions of the relevant non-examining sources to be more consistent with the record than the opinions of the treating sources. The court cannot re-weigh the evidence or substitute its judgment for that of the ALJ. Craig, 76 F.3d at 589.

The court finds the ALJ relied on substantial evidence in assigning "little weight" to the treating source opinions and "great weight" to the non-examining source opinions. Therefore, this objection is overruled.

## 2. The ALJ's Credibility Determination

Next, plaintiff contends the ALJ's credibility finding is not supported by substantial evidence.

Federal regulations, 20 C.F.R. §§ 416.929 and 404.1529, "provide the authoritative standard for the evaluation" of subjective complaints of pain and symptomology. Craig, 76 F.3d at 593. "Under these regulations, the determination of whether a person is disabled by pain or other symptoms is a two-step process." Id. at 594. First, the ALJ must determine whether there is objective medical evidence showing plaintiff has a medical impairment "which could reasonably be expected to produce the pain or other symptoms alleged." Id. (quoting 20 C.F.R. §§ 416.929(b) & 404.1529(b)). Second, if this threshold requirement is satisfied, then the ALJ " must evaluate the intensity, persistence, and limiting effects of the [plaintiff's] symptoms." SSR 96-7p.

If the medical record does not substantiate plaintiff's statements regarding the extent of pain, then the ALJ must make a credibility determination of plaintiff's statements based on consideration of the entire case record, including medical records, medical opinions, and plaintiff's statements.[2] Id.; see also 20 C.F.R. §§ 404.1529(c) and 416.929(c). The ALJ must delineate specific reasons for the credibility determination. Id. A plaintiff's allegations of pain and other symptoms

---

[2] SSR 96-7p lists seven factors the ALJ

> must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements: (1) The individual's daily activities; (2) The location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) Factors that precipitate and aggravate the symptoms; (4) The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

See also 20 C.F.R. §§ 404.1529(c) and 416.929(c).

may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, [but] they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the [plaintiff] alleges she suffers.

Craig, 76 F.3d at 595.

Here, the ALJ considered plaintiff's subjective symptoms that are associated with her impairments, and found first that plaintiff had medically determinable impairments which reasonably could be expected to cause the alleged symptoms. (R. 34). However, at the second step the ALJ found that plaintiff's statements as to the extent of her pain were not fully credible. (R. 34-35).

Plaintiff contends the ALJ erred by failing to consider each of the seven factors bearing on credibility listed in the regulations. See SSR 96-7p; 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). However, the ALJ considered all available evidence, including all seven factors, in his assessment of plaintiff's credibility and gave specific reasons for his credibility determination that are supported by the record. (R. 32-35). The ALJ discussed these factors in more than two pages of narrative discussion of plaintiff's symptoms, medical evidence, and medical source opinions. Id. Specifically, the ALJ discussed these facts: plaintiff's testimony about her daily activities (factor 1) (R. 33, 35, 61-66); plaintiff's testimony about details of her pain (factors 2 and 3) (R. 33, 60-61); plaintiff's testimony and treatment notes about how medication and treatment improved her mental condition (factors 4 and 5) (R. 33-35, 58-59, 502); plaintiff's testimony about measures she has used to relieve pain (factor 6) (R. 33, 61); and plaintiff's plan to get legal custody of her nephew (factor 7) (R. 32, 50). The ALJ commented on how plaintiff's statements of pain were inconsistent with the medical record and the other available evidence. (R. 35).

9

Thus, the ALJ properly considered all available evidence in the record. The court finds that substantial evidence supported the ALJ's decision to discredit plaintiff's statements of pain. Accordingly, plaintiff's second objection is overruled.

3. Hypothetical Question

Finally, plaintiff argues the ALJ erred by asking the vocational expert a hypothetical question based on flawed RFC finding. As discussed above, the court finds the ALJ's RFC assessment was supported by substantial evidence. Therefore, plaintiff's objection to the validity of the hypothetical question is meritless. See Johnson, 434 F.3d at 659 (holding hypothetical question valid where it adequately reflected plaintiff's impairments as determined by the ALJ from substantial evidence in the record). Accordingly, plaintiff's third objection is overruled.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the recommendation of the magistrate judge, DENIES plaintiff's motion for judgment on the pleadings (DE 21), GRANTS defendant's motion for judgment on the pleadings (DE 23), and AFFIRMS the final decision by defendant. The clerk is DIRECTED to close this case.

SO ORDERED this the 30th day of September, 2013.

                                              LOUISE W. FLANAGAN
                                              United States District Judge